**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**DENNIS TALBERT HUTTO,**

    **Petitioner,**

v.                                       **Case No. 5:17cv008-MW/CAS**

**JULIE JONES, Secretary,
Florida Department of Corrections,**

    **Respondent.**
_____/

**REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION**

On or about January 5, 2017, Petitioner Dennis Talbert Hutto, an inmate proceeding pro se, filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Petitioner Hutto is an inmate at the Holmes Correctional Institution in Bonifay, Florida.  *See id*.  In his § 2254 petition, he challenges a state court judgment and sentence entered in case number 2006-CF-4561 by the Fourth Judicial Circuit, Duval County, Florida.  *See id*.

Jurisdiction is appropriate in the district of confinement and the district of conviction.  28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district where he was convicted and sentenced or in district where he is incarcerated).  In this case, however, because the district of conviction appears to be the most convenient and appropriate

venue, this petition should be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division.  *Id.*; M.D. Fla. R. 1.02(b)(1).  *See* <u>Byrd v. Martin</u>, 754 F.2d 963, 965 (11th Cir. 1985); <u>Parker v. Singletary</u>, 974 F.2d 1562, 1582 (11th Cir. 1992).

It is therefore respectfully **RECOMMENDED** that the case file, including any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 17, 2017.

<u>S/ Charles A. Stampelos</u>
CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**